# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JASMINE HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-1194-M |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On January 5, 2016, United States District Judge Vicki Miles-LaGrange entered an Order and Judgment in this case reversing the decision of the Acting Commissioner of Social Security Administration and remanding this case for further administrative proceedings. Based on same, on March 30, 2016, counsel for plaintiff filed a Motion for Attorney Fees Under the Equal Access to Justice Act, requesting an award of fees in the amount of $4,667.60. On April 13, 2016, defendant filed her response, and on April 20, 2016, plaintiff filed her reply.

Under the Equal Access to Justice Act ("EAJA"), the prevailing party in an action brought by or against the United States is entitled to fees, other expenses, and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). It is the government's burden to show that its position was substantially justified. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). "To do so, the government must prove that its case had a reasonable basis in law and in fact." *Id.* Further, the United States Supreme Court has defined "substantially justified" as "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

> In determining whether the government's position was reasonable, the trial judge must make a separate review of the government's position to determine whether it was substantially justified. The term "position" includes the government's position both in the underlying agency action and during any subsequent litigation. The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue.

*Hadden*, 851 F.2d. at 1267 (internal citations omitted). The Tenth Circuit has held that the government's position can be substantially justified even though it is not correct. *See Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011).

In her response, defendant asserts that the government's position was substantially justified. Specifically, defendant contends that because reasonable people can disagree whether the Administrative Law Judge's decision in this case was appropriate, defendant was substantially justified. Having carefully reviewed the parties' submissions and the case file, the Court finds that defendant has not satisfied her burden of showing that the government's position was substantially justified.

Accordingly, because defendant has failed to show that her position was substantially justified, the Court finds that plaintiff is entitled to attorney fees under the EAJA. The Court further finds that the amount of attorney fees requested by plaintiff, $4,667.60, is reasonable.

The Court, therefore, GRANTS plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act [docket no. 28] and AWARDS plaintiff EAJA fees in the amount of $4,667.60, to be paid directly to plaintiff. If attorney's fees are also awarded under 42 U.S.C. § 406(b) of the Social

Security Act, plaintiff's counsel shall refund the smaller award to plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED this 19th day of May, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE